**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION and THE STATE OF GEORGIA, : : : Plaintiffs, : : v. : : PHOEBE PUTNEY HEALTH SYSTEM : INC., PHOEBE PUTNEY MEMORIAL : HOSPITAL, INC., PHOEBE NORTH, : INC.,PALMYRA PARK HOSPITAL INC., : And HOSPITAL AUTHORITY OF : ALBANY-DOUGHERTY COUNTY, : : Defendants. : : | CASE NO.: 1:11-cv-58 (WLS) |

**ORDER**

Presently pending before the Court is Defendants' Motion for Clarification of Response Date or, in the Alternative, Extension of Time to Respond to the FTC's Motions for TRO and Preliminary Injunction. (Doc. 117.) Therein, Defendants request that the Court clarify whether Defendants' deadline to respond to the Federal Trade Commission's ("FTC's") Motion for a Temporary Restraining Order (Doc. 109) and Motion for Preliminary Injunction (Doc. 110) will begin to run upon issuance of a new mandate from the Eleventh Circuit, or, in the alternative, grant Defendants an extension to respond to the FTC's motions.

The FTC opposes this request and argues that the Eleventh Circuit's initial mandate, issued February 6, 2012, affirming this Court's dismissal of the FTC's Complaint, restored jurisdiction to this Court. In support of this argument, the FTC argues that *United States v. Sears*, 411 F.3d 1240 (11th Cir. 2005), stands for the

proposition that this Court should exercise jurisdiction over this case. The Court disagrees.

On February 19, 2013, the United States Supreme Court reversed the Eleventh Circuit's decision to affirm this Court's dismissal of the FTC's Complaint. On February 27, 2013, the Supreme Court remanded the case to the Eleventh Circuit. On April 9, 2013, the FTC filed 1) a Motion for Leave to File an Amended Complaint, 2) a Motion for a Temporary Restraining Order, and 3) a Motion for Preliminary Injunction. (Docs. 107, 109, 110.) On April 17, 2013, via text order, this Court notified the Parties that the Eleventh Circuit stated that the matter is still pending before the panel. Therefore, the Parties were informed that the Court "does not have jurisdiction and does not believe it can proceed with anything of substance in the case at this time."

Following this Court's pronouncement on the absence of jurisdiction, the FTC moved the Eleventh Circuit to expedite its remand to the District Court "as soon as possible, in order for that court to begin its consideration of the Commission's motions for a TRO and a preliminary injunction." *Federal Trade Commission v. Phoebe Putney Health Sys., Inc.*, No. 11-12906 (11th Cir. Apr. 18, 2013) (Motion of the Federal Trade Commission for an Expedited Order of Remand). On April 26, 2013, the Eleventh Circuit granted the FTC's motion. However, the Eleventh Circuit immediately recalled its April 26, 2013 Order, and informed the Parties to "disregard th[e] order in its entirety."

In light of this recall order, this Court does not believe that jurisdiction to proceed on the merits has been restored to this Court. And the Court finds no reason to believe that *Sears* dictates a different conclusion. In *Sears*, the issue concerned whether a district court properly *exercises* jurisdiction *it has retained* while a petition is before

2

the Supreme Court on certiorari.  The instant case rests in a different procedural posture.  This Court took no action while this case was before the Supreme Court.  Now the case has been remanded to the Eleventh Circuit and a remand to this Court has not yet issued.  In fact, after issuing a remand in response to the FTC's concerns, the Eleventh Circuit immediately recalled its remand despite being on notice that this Court believes it currently lacks the jurisdiction to act.

Nevertheless, the FTC requests that this Court exercise some form of concurrent jurisdiction with the Eleventh Circuit even in the face of evidence that the Eleventh Circuit is not ready to remand this matter to this Court.  Even if this Court thought that it could act upon any jurisdiction granted by the Eleventh Circuit's February 6, 2012 mandate[1], as the FTC encourages, such action would be inconsistent with the Eleventh Circuit's recall order, and, in this Court's opinion, inefficient and quite imprudent.

Accordingly, the Court concludes that no action will be taken on the FTC's motions until entry of an order from the Eleventh Circuit remanding this case to this Court for further proceedings.  Upon entry of a remand order, the Court will schedule a conference with the Parties to discuss any and all matters that remain pending, if any.

**SO ORDERED**, this  8th  day of May, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[1] The FTC's assertion that there is no question that this Court retains the power to exercise jurisdiction over this case at this time is seriously belied by the Motion for an Expedited Order of Remand that it filed with the Eleventh Circuit.