**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION and THE STATE OF GEORGIA, : : : Plaintiffs, : : v. : : PHOEBE PUTNEY HEALTH SYSTEM : INC., PHOEBE PUTNEY MEMORIAL : HOSPITAL, INC., PHOEBE NORTH, : INC.,: PALMYRA PARK HOSPITAL : INC., and HOSPITAL AUTHORITY OF : ALBANY-DOUGHERTY COUNTY, : : Defendants. : : | CASE NO.: 1:11-cv-58 (WLS) |

## **ORDER**

Before the Court are Plaintiff Federal Trade Commission's ("FTC's") Motion for Temporary Restraining Order (hereinafter "TRO Motion") (Doc. 109) and Motion for Preliminary Injunction (hereinafter "PI Motion") (Doc. 110.) Therein, Plaintiff moves the Court, pursuant to § 13(b) of the Federal Trade Commission Act (hereinafter "FTC Act"), 15 U.S.C. § 53(b), and Section 16 of the Clayton Act, 15 U.S.C. § 26, to enjoin Defendants Phoebe Putney Health System Inc. ("PPHS"), Phoebe Putney Memorial Hospital, Inc. ("PPMH"), Phoebe North, Inc. ("PNI") (hereinafter collectively referred to as "Phoebe Putney"); HCA, Inc. ("HCA"); Palmyra Park Hospital, Inc. ("Palmyra"); and Hospital Authority of Albany-Dougherty County ("the Authority"), including their domestic and foreign agents, divisions, parents, subsidiaries, affiliates, partnerships, or joint ventures, from any further integration of the assets and operations of Palmyra

1

(n/k/a Phoebe North) with those of Phoebe Putney, and requiring them to preserve the *status quo* at Phoebe North. (Doc. 109 at 1-2).

Plaintiff maintains that a temporary restraining order ("TRO) and a preliminary injunction ("PI") are needed to maintain the *status quo* pending the outcome of the FTC's ongoing expedited administrative proceeding, and any appeals, regarding whether the Transaction violates Section 7 of the Clayton Act 15 U.S.C. § 18, and Section 5 of the FTC Act, 15 U.S.C. § 45. (*Id.* at 2.) Specifically, Plaintiff asserts that temporary injunctive relief is necessary to prevent competitive harm during the pendency of the preliminary injunction proceedings.[1] (*Id.*)

On May 14, 2013, the Court held a telephone conference with the Parties. During the phone conference, the Court heard argument from all sides regarding the propriety and scope of a TRO. After considering the factors required for establishing the need for a TRO[2], the Court determined that Plaintiff carried its burden of persuasion to establish the need for the imposition of the "extraordinary and drastic remedy" of a TRO pending the outcome of the Court's decision on the PI Motion. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted).

---

[1] The Court notes that it previously granted Plaintiff's request for temporary injunctive relief on April 22, 2011 (Doc. 9) but dissolved the injunction upon finding that the Phoebe Transaction was exempt from antitrust enforcement. (Doc. 91.) The Supreme Court, upon review, found that the Transaction was not exempt. Therefore, the bases for the Court's previous grant remain, except the Transaction has subsequently gone forward. Plaintiff's present concern is that the *status quo* remain pending the scheduled administrative hearing and the likely need for disgorgement if Plaintiff is ultimately successful. It is in this context, upon the remand, that the Court considers and addresses Plaintiff's instant TRO request.

[2] To sufficiently establish the need for a temporary restraining order, a movant must show (1) a substantial likelihood of success on the merits of its case, (2) that irreparable harm would result in the absence of the TRO, (3) that the balance of equities favors granting the TRO, (4) that the public interest would not be harmed by the injunction, *Mesa Air Group, Inc. v. Delta Air Lines, Inc.*, 573 F.3d 1124, 1127 (11th Cir. 2009) (citing *BellSouth Telecomms., Inc. v. MCImetro Access Transmission Svcs., LLC*, 425 F.3d 964, 968 (11th Cir. 2005)), and that "no adequate remedy at law" exists, *Reynolds v. Roberts*, 207 F.3d 1288, 1299 (11th Cir. 2000) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)).

2

As to the terms of the TRO, the Court ordered that Defendants take no further steps to consolidate Palmyra (n/k/a Phoebe North) and Phoebe Putney, to wit, maintain the *status quo* as it exists today. In response to Plaintiff's request that the Court order Defendants to refrain from instituting any price changes, the Court ordered that Defendants are prohibited from making any price changes to existing contracts; however, said prohibition does not extend to the formation of any new contracts.[3]

Accordingly, pursuant to the terms announced during the Court's telephone conference, which are incorporated herein, Plaintiff's TRO Motion (Doc. 109) is therefore **GRANTED**, and Defendants are **ENJOINED** from taking any further steps to consolidate Palmyra and Phoebe Putney. The instant Order shall remain in effect until the Court rules on Plaintiff's PI Motion (Doc. 110), the hearing for which will be held on **June 14, 2013**.

It is further **ORDERED** that Defendants shall file their brief in response to Plaintiff's PI Motion (Doc. 110) by **Friday, May 31, 2013**, and that Plaintiff shall file its brief in reply by **Friday, June 7, 2013**.

**SO ORDERED**, this   15th   day of May, 2013.

                         /s/W. Louis Sands
                         **THE HONORABLE W. LOUIS SANDS,**
                         **UNITED STATES DISTRICT COURT**

---

[3] The Court notes that the record reflects that counsel for Defendants stated that they could not "consent" to such an agreement. Said objection has no legal effect on the Court's ruling.